IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIAZAR TAMAYO-VALLE,<br><br>                     Petitioner,<br><br>         vs.<br><br>ERIC OUELLETTE, in his official capacity as Acting Field Office Director for Detention & Removal, Omaha Field Office; THOMAS HOMAN, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; JOHN F. KELLY, in his official capacity as Secretary of the United States Department of Homeland Security; and JEFF SESSIONS, in his official capacity as Attorney General of the United States;<br><br>                     Respondents. | 8:17CV46<br><br>ORDER |

This matter is before the Court on petitioner Eliazar Tamayo-Valle's ("Tamayo-Valle") Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 and § 2242 and Complaint for Declaratory and Injunctive Relief (Filing No. 1). Tamayo-Valle, a native and citizen of Mexico, states he was removed from the United States in December, 2015, pursuant to "a final order of removal" he received on November 30, 2015. Seeking to remedy what he describes as his "unlawful deportation," Tamayo-Valle, in part, asks the Court to grant him "a writ of *habeas corpus* directing the Respondents to immediately allow [him] to return to the United States to pursue post-conviction relief."

The Court has completed an initial review of the petition, *see* 28 U.S.C. § 2243, and has some questions about the Court's jurisdiction to hear this case and Tamayo-Valle's eligibility for relief under § 2241. *See* 28 U.S.C. § 2241; 8 U.S.C. § 1252. Tamayo-Valle asserts the "Court has subject matter jurisdiction under 28 U.S.C. § 2241,

Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as [Tamayo-Valle] has been removed under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States."

Under § 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless" the prisoner "is in custody." "[T]he 'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition." *Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir. 2003). Section 2242 requires a petitioner to "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."

Tamayo-Valle's petition does not provide sufficient information to enable the Court to determine if he meets these standards under the habeas statutes. Based on the allegations in the petition, it does not appear Tamayo-Valle is presently in custody, having been removed to Mexico. And the Court is unable to determine whether Tamayo-Valle was in custody on February 16, 2017, the date he filed his petition. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

The Court will give Tamayo-Valle an opportunity to amend his petition to provide sufficient information to allow the Court to determine whether he is eligible for relief under § 2241, including, but not limited to, his current detention status, if any, and his detention status as February 16, 2017. If Tamayo-Valle fails to remedy the significant pleading deficiencies in the petition, the Court may dismiss this case without further notice. *See* 28 U.S.C. § 2243; *cf. McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally

2

insufficient on its face."). Tamayo-Valle shall have until March 24, 2017, to file an amended petition in accordance with this order.

IT IS SO ORDERED.

Dated this 8th day of March, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge