IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIAZAR TAMAYO-VALLE,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>ERIC OUELLETTE, in his official capacity as Acting Field Office Director for Detention & Removal, Omaha Field Office; THOMAS HOMAN, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; JOHN F. KELLY, in his official capacity as Secretary of the United States Department of Homeland Security; and JEFF SESSIONS, in his official capacity as Attorney General of the United States;<br><br>　　　　　　Respondents. | 8:17CV46<br><br><br>ORDER |

　　This matter is before the Court on petitioner Eliazar Tamayo-Valle's ("Tamayo-Valle") Amended Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 and § 2242 and Complaint for Declaratory and Injunctive Relief (Filing No. 4). Tamayo-Valle, a native and citizen of Mexico, was removed from the United States in December 2015 and is now reportedly in Mexico. He asks for "a writ of *habeas corpus* directing the Respondents to immediately allow [him] to return to the United States to pursue post-conviction relief" in an underlying criminal case. He also requests that the Court "[d]irect Respondents to allow [him], once his conviction is vacated, to pursue relief from removal or in the alternative for a declaratory judgment allowing him to pursue immigration benefits, including waiver of removal."

　　On March 8, 2017, the Court ordered Tamayo-Valle to amend his original petition to provide sufficient information to allow the Court to determine whether it has

jurisdiction to review his petition (Filing No. 3). *See* 28 U.S.C. § 2241 (explaining "[t]he writ of habeas corpus shall not extend to a prisoner unless" the prisoner "is in custody"); 8 U.S.C. § 1252 (limiting judicial review of removal orders). In particular, the Court questioned whether Tamayo-Valle was "in custody" within the meaning of § 2241 and was eligible for habeas relief in this Court despite his removal to Mexico and the post-removal filing of his petition. *See*, *e.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir. 2003).

In his amended petition, Tamayo-Valle—acknowledging he is not now physically "in custody" and was not physically "in custody" when he filed his petition—points out "[a] person need not be physically detained in order to file a *habeas corpus* petition." According to Tamayo-Valle, "[a]n 'in-custody' determination can be made on this case because a restraint has been imposed on [his] liberty, constitutional and statutory violations are alleged, and the case presents a question of law for which there is no other judicial forum to answer." In support, Tamayo-Valle relies on cases in which petitioners challenging the conditions of their release or subject to outstanding orders of removal were found to be "in custody." *See*, *e.g.*, *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003).

While Tamayo-Valle is correct that a petitioner need not necessarily be *physically* restrained to petition for habeas relief, *see Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004) ("[O]ur understanding of custody has broadened to include restraints short of physical confinement."), Tamayo-Valle has not cited—and the Court has not found—any case in which an admitted alien petitioning for habeas relief was found to be "in custody" under § 2241 despite the fact that he had already been removed from the United States to his native country more than a year before he filed his habeas petition. To the contrary, several circuit courts have generally found "an alien who has been deported pursuant to a final removal order is not 'in custody' for habeas purposes." *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (per curiam) (joining the Third, Ninth, and Eleventh Circuits*).*

*But cf. Rivera v. Ashcroft*, 394 F.3d 1129, 1138 (9th Cir. 2005), *superseded by statute on other grounds*, REAL ID Act, Pub. L. No. 109–13, 119 Stat. 231, § 106(c) (2005); *Gutierrez v. Gonzales*, 125 F. App'x 406, 409, 416 (3rd Cir. 2005) (unpublished).

To be "in custody" under § 2241, the petitioner must be restrained in some material way—at least at the point in time when the petition is filed. *See*, *e.g.*, *Lopez*, 332 F.3d at 510 ("[T]he 'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition."). Having long been physically removed to Mexico, Tamayo-Valle's only contemporaneous allegations of restraint relate to him "never [being] able to return [legally] to the United States." Even broadly construing the operative phrase, the Court is unable to conclude Tamayo-Valle was "in custody" under § 2241 when he filed his petition.

Tamayo-Valle has also not sufficiently answered the Court's questions about the limitations on judicial review of removal orders set forth in 8 U.S.C. § 1252. Briefly acknowledging those limitations, Tamayo-Valle notes that, in some circumstances, § 2241 may enable an individual to present a challenge to detention that is independent of a challenge to his removal order. As Tamayo-Valle's sees it, he "is not seeking review of his final order of deportation (removal) . . . . Instead [he] is challenging his unlawful detention and subsequent removal since the ordered [sic] would be rendered invalid if he is allowed to reopen his removal case."

Notwithstanding Tamayo-Valle's assertion to the contrary, the Court is not persuaded Tamayo-Valle's amended petition presents a challenge to detention that is independent of his order of removal. Again, the only "detention" Tamayo-Valle challenges is his inability to return to the United States to, as he puts it, "remedy [his] unlawful deportation." And he asks the Court to order the respondents to allow him "to pursue relief from removal or in the alternative for a declaratory judgment allowing him

to pursue immigration benefits, including waiver of removal." Tamayo-Valle's removal order is at the heart of his amended petition.

In the Court's view, Tamayo-Valle has not adequately addressed the complex jurisdictional issues presented by his novel, post-removal petition for habeas relief under § 2241. Because Tamayo-Valle has not established this Court has jurisdiction to consider his amended petition, the amended petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated this 3rd day of April, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge